ARCHIE LLOYD v. ELEANOR ATWATER LLOYD.

182 So. 237.
Division A.
Opinion Filed June 8, 1938.
Rehearing Denied July 1, 1938.

*Emmett Kehoe* and *Kehoe & Kehoe,* for Appellant;
*Ross Williams,* for Appellee.

PER CURIAM.—The appeal is from an order dismissing bill of complaint in suit instituted for the purpose of compelling defendant to pay separate maintenance to the complaining wife and which order also dismissed the cross bill of the defendant by which he sought annulment of the marriage on the ground that it was not freely and voluntarily entered into, but was the result of coercion on the

part of an uncle of the wife and a deputy sheriff and a friend of the uncle.

The question which we are required to determine is whether or not the record including the evidence supports the findings of the matter approved by the Chancellor and the decree based thereon.

There is some evidence of coercion, but we think that the controlling factor, as shown by the record, was that the young man had committed a grave indiscretion with the girl which resulted in her pregnancy, and that he agreed with her and her aunt that he would marry the girl to legitimatize the child, would pay the expense incident to childbirth and furnish the girl some expense money, and that after the child should be born the girl would procure a divorce at his expense.

The proof amply establishes that Lloyd was the father of the child and that he recognized his responsibility and definitely agreed with the girl and her aunt that he would marry the girl on the following Monday after the agreement with them on Saturday.

Lloyd was twnety-eight years of age and the girl was twenty-three.

The girl's aunt heard that Lloyd intended to leave the State and she told her husband, Mr. Mitchell, a police officer in Miami, about the condition of the girl, the agreement and Lloyd's reported intention to leave the State before complying with his agreement. Mitchell went to Fort Lauderdale, got a deputy sheriff, returned with the deputy to Hollywood where Lloyd lived. There he called on Lloyd and told Lloyd in the presence of Lloyd's father, that he would have to go then and marry the girl or be arrested. Lloyd chose to marry her rather than be arrested. He was clearly guilty of bastardy and knew that he was. We do

not think there was clearly sufficient coercion to constitute ground for annulment of the marriage against the Master's and Chancellor's findings to the contrary. So, the order should be, and is, affirmed.

So ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.